ED WOODS V. THE STATE.

No. 11397.   Delivered March 7, 1928.

**Vagrancy—Evidence—Not Responsive to Questions—Very Improper.**

    Where, on a trial for vagrancy a witness, not in response to the question propounded, testified that appellant "Looked like he was stooling for the bootleggers." Appellant promptly excepted to the answer and moved the court to exclude same from the jury, which being refused by the court, necessitates a reversal of the judgment.

Appeal from the County Court of Somervell County. Tried below before the Hon. J. H. Adams, Judge.

Appeal from a conviction for vagrancy, penalty a fine of $60. The opinion states the case.

*E. T. Adams* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for vagrancy, punishment a fine of $60.

The testimony for the state seems to establish that appellant was an able-bodied person who had done no work for a year, and, according to the testimony of the sheriff, none for two or three years. Witnesses also testified that he was without visible means of support. Appellant did not take the stand, and the only witness introduced by him testified that he knew of the defendant working up until about a year ago, and that he had gone out to work for some man subsequent to that.

Appellant complains of the court's refusal of his motion to quash the complaint, which complaint seems us to follow the statute and to sufficiently charge the offense. There is also complaint by a bill of exceptions that a witness who was asked to state what, if anything, he knew of appellant working on or about July 11, 1927, which question was answered by the statement that "He looked like he was stooling for the bootleggers." This was excepted to on the ground that it was a conclusion of the witness, was not responsive to the question asked, was highly prejudicial to the rights of the defendant, and tended to inflame the minds of the jury against him. Appellant asked that the jury be instructed to disregard said answer, but the court refused to give such instruction. It appears manifest that the answer was not responsive to the question, and that it was the statement of a conclusion and

not of a fact. It also appears to us that it was very likely to have affected the jury's decision in this case. They did not give the appellant the lowest penalty, but gave him what might be considered a heavy fine for the offense charged. We are of opinion that the answer was erroneous and not responsive, and that it was a conclusion, and the objection should have been sustained, and that the failure of the court to instruct the jury not to consider it was erroneous. Appellant did not take the stand in this case, nor do we think the facts sufficiently called for an instruction that if he was temporarily out of employment he should be acquitted.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*